**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JEFFERY R. PEDERSEN,

Plaintiff,

v. Case No: 6:24-cv-2250-PGB-LHP

BREVARD COUNTY, FLORIDA, CITY OF PALM BAY, JESSIE EAKIN, JARKKAR LAMPKIN, AMBER SAMUELS, BRIAN PRESS, TRAVIS OXRIEDER, RICHARD WEAVER, KENRICK HOOD, BRADLEY CHAPMAN, JOHN ANDERSON and NICHOLAS JONES,

Defendants

---

## ORDER

Before the Court is Plaintiff's renewed[1] Motion to Compel the City of Palm Bay and Sheriff Wayne Ivey[2] for Defendants' Addresses. Doc. No. 36.

---

[1] The Court denied without prejudice a previous motion by the same title for failure to comply with Local Rules 1.08 and 3.01(a) and failure to adequately support the relief sought. Doc. Nos. 33, 34.

[2] Although the motion discusses Sheriff Wayne Ivey, Sheriff Wayne Ivey is not a party to the case at this time. Accordingly, the Court addresses Plaintiff's motion as to the City of Palm Bay alone.

Defendants Brevard County, Florida, Travis Oxrieder, Richard Weaver, Nicholas Jones, Brian Press, the City of Palm Bay, and the Palm Bay Police Department jointly respond in opposition. Doc. No. 37.

As an initial matter, neither the motion nor Defendants' response comply with the Standing Order on Discovery Motions. *See* Doc. No. 24. Accordingly, the Court would be within its bounds to strike them. *See id.* That said, the response raises concerns that Plaintiff failed to conduct an adequate conferral on the motion prior to filing. Doc. No. 37, at 2. And the motion suffers other deficiencies as well.

Specifically, the renewed motion once again fails to comply with Local Rule 1.08, despite the Court noting this deficiency with regard to the initial motion. *See* Doc. Nos. 33, 34. In addition, the renewed motion fails to adequately support the relief sought. Doc. No. 36. For one, the motion does not appear to be based on any written discovery request, nor does Plaintiff attach any written discovery request to the motion. Doc. No. 36; *see also* Doc. No. 24 ¶ 3 (requiring movant to attach any discovery requests and discovery responses to a discovery motion). Plaintiff provides no legal authority demonstrating that the Court can compel a discovery response from the City of Palm Bay absent a written discovery request. *See generally e-Ventures Worldwide, LLC v. Toll Bros.*, No. 2:22-cv-552-JLB-KCD, 2023 WL 4419736, at *2 (M.D. Fla. July 10, 2023) ("To state the obvious, a party cannot

compel the production of documents it never asked for.").[3] Nor does Plaintiff provide any legal authority supporting the alternative request to compel the City of Palm Bay to accept service on behalf of officers no longer employed. Doc. No. 36.

For these reasons, the Motion (Doc. No. 36) is **DENIED without prejudice**. It is **ORDERED** that prior to filing any renewed motion, Plaintiff must conduct a substantive good faith conferral with Defendants regarding the relief sought. Any renewed motion **shall include** a detailed recitation of the date, time, and means of conferral in accordance with Local Rule 3.01(g) and the Standing Order on Discovery Motions (Doc. No. 24), and the results of such conferral. Failure to include said recitation will result in the summary denial of the motion. A renewed motion must also comply in full with all applicable Local Rules and include legal authority supporting the precise relief sought. Given the issues raised, a renewed motion may be up to **seven (7) pages** in length, and Defendants may file a joint response not to exceed **seven (7) pages** in length.

---

[3] Although Plaintiff references interrogatories and requests for production served with the complaint in state court, those requests became unenforceable when the case was removed to this Court and cannot provide a basis for this motion. *See* Doc. No. 8.

**DONE** and **ORDERED** in Orlando, Florida on March 25, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties