# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JEFFERY R. PEDERSEN,

        Plaintiff,

v.                                                  Case No:   6:24-cv-2250-PGB-LHP

CITY OF PALM BAY, BRIAN PRESS,
TRAVIS OXRIEDER, RICHARD
WEAVER, NICHOLAS JONES and
WAYNE IVEY,

        Defendants

## ORDER

Before the Court is City of Palm Bay's, Motion to Compel Plaintiff's Production of Documents and Supplement Answer to Interrogatories. Doc. No. 62. On review, for reasons discussed below, the motion will be granted.

Plaintiff, in his capacity as personal representative for the estate of Jeffrey W. Pedersen, has filed a civil rights action related to the death of Jeffrey W. Pederson after two encounters with police and correctional officers, bringing claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1988 against numerous Defendants, including City of Palm Bay, for false arrest and deprivation of civil rights by excessive force, as well

as state law claims for false arrest and civil battery. Doc. No. 48. Discovery closes on February 2, 2026. Doc. No. 23.

By the present motion, Defendant City of Palm Bay seeks to compel Plaintiff to supplement his interrogatory answers, specifically, numbers 6, 7, 9, 12, 16, 17, and 20, to state that no living person is seeking affirmative relief. Doc. No. 62, at 2-3; *see also* Doc. No. 62-2. Defendant City of Palm Bay also seeks the production of documents in response to requests for production numbers 15, 27, 39, 40, and 41. which request production of various types of financial information, to include insurance payments or other benefit payments, tax returns, and bank statements. Doc. No. 62, at 3-4; *see also* Doc. No. 62-1. Defendant states that the information requested in the interrogatories and document requests is relevant to assessing Plaintiff's claims for damages. Doc. No. 62, at 2-4. According to the motion, Plaintiff previously agreed to provide the requested discovery but as of the date of the motion has failed to do so. *Id.* at 1.

Plaintiff has not responded to the motion, and the time for doing so expired on or about December 8, 2025. *See* Doc. No. 24 ¶ 5 (providing that opposition briefing to a discovery motion must be filed no later than five days after the motion); *see also* Fed. R. Civ. P. 6(a)(1)(C). Accordingly, the Court deems the motion to be unopposed in all respects. *See* Doc. No. 24 ¶ 5 (stating that failure to file a timely response will result in the discovery motion being deemed unopposed); *see also*

*Weaver v. Green Sols. of Fla. LLC*, No. 6:23-cv-2059-CEM-LHP, 2024 WL 4275221, at \*1 (M.D. Fla. Sept. 24, 2024) (granting motion to compel as unopposed when opposing party failed to file a timely response in accordance with Standing Discovery Order); *Westchester Surplus Lines Ins. Co. v. Paramount Disaster Recovery, LLC*, No. 6:18-cv-1738-Orl-37DCI, 2019 WL 5294804, at \*1 (M.D. Fla. Apr. 19, 2019) ("The Court routinely grants motions as unopposed where the opposing parties have not filed a response in opposition to the motion."); *Bercini v. City of Orlando*, No. 6:15-cv-1921-Orl-41TBS, 2016 WL 11448993, at \*2 (M.D. Fla. Sept. 28, 2016) (granting in full unopposed motion to compel); *Daisy, Inc. v. Pollo Operations, Inc.*, No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at \*1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed).

Upon review of the unopposed motion and the related discovery attached, the Court finds the motion well taken.   Accordingly, it is **ORDERED** as follows:

1. City of Palm Bay's, Motion to Compel Plaintiff's Production of Documents and Supplement Answer to Interrogatories (Doc. No. 62) is **GRANTED**.

2. On or before **January 5, 2026**, Plaintiff shall serve on Defendant City of Palm Bay supplemental answers to the interrogatories numbered 6, 7, 9, 12, 16, 17, and 20, to state whether any living person is seeking affirmative relief.   *See* Doc. No. 62-2.

3.   On or before **January 5, 2026**, Plaintiff shall also serve on Defendant City of Palm Bay all documents in Plaintiff's current possession, custody, or control that are responsive to requests for production numbers 15, 27, 39, 40, and 41.   *See* Doc. No. 62-1.

4.   All objections to the discovery at issue have been waived by the failure to timely respond to the motion to compel.  *See, e.g., Jackson v. Geometrica, Inc.*, No. 3:04-cv-640-J-20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006) (objections not addressed in response to a motion to compel are deemed abandoned); *Bercini*, 2016 WL 11448993, at *2 (same).

4.   **Failure to comply with this Order may result in sanctions.   *See* Fed. R. Civ. P. 37(b).**[1]

**DONE** and **ORDERED** in Orlando, Florida on December 11, 2025.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[1] Defendant does not request an award of fees or any other sanction, therefore the undersigned declines to award sanctions at this time.  *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).